824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Luzetter L. WILSON, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 Appeal No. 87-3063.
 United States Court of Appeals, Federal Circuit.
 June 12, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) docket No. DA07528610189, affirming the agency's removal of Wilson for absence without leave (AWOL), failure to report to work as directed, and defiance of authority, is affirmed.
 
 OPINION
 
 2
 In April 1985, Wilson was involved in an automobile accident and sustained back and neck injuries. As a result, she applied for and was granted several months of sick leave, advanced sick leave, and annual leave. In August 1985, Wilson then requested a one year grant of leave without pay (LWOP).
 
 
 3
 The crux of the charges sustained in this case is that Wilson failed repeatedly to provide adequate medical documentation to support her leave requests. Wilson's supervisor, Mr. Brandt Taylor, directed on many different occasions during the leave time that Wilson provide detailed medical reports to substantiate her leave requests and warned Wilson repeatedly that failure to comply would result in termination of leave and AWOL status. Wilson provided only conclusory medical reports in response to these requests, none of which provided a long-term prognosis of her condition. Finally, Taylor directed Wilson to undergo a fitness-for-duty examination, available to Wilson at government expense. Wilson, without offering an excuse, did not comply with this direction either.
 
 
 4
 The detailed medical reports were required by the administrative prerequisites for granting advance forms of leave and LWOP, all of which call for evidence of whether the employee is ever likely to return to her job. The board considered Wilson's argument that she was not required to submit such documentation and noted that she provided no evidence to support this conclusion. The agency provided evidence supporting the medical requests and the board concluded that Taylor's demands were consistent with agency procedure.
 
 
 5
 The board sustained charges against Wilson for AWOL between October 3, 1985, and November 20, 1985, failure to report for duty on November 4, 1985, and refusing to contact her employer regarding her status after his letters of June 3, 1985, and June 14, 1985.
 
 
 6
 Wilson provides no basis for reversal in this case. The agency made consistent efforts to accommodate her situation and only asked that she substantiate her condition. Wilson's apparent belief that she could encumber a government position and receive extended leave without adequate documentation is entirely unreasonable and contrary to agency procedure, which we view as established by the record.
 
 
 7
 The charges of AWOL and the related charges of failure to follow directions and failure to report for duty, all derived from Wilson's failure to supply the documentation called for, are supported by the evidence, and provide an appropriate basis for removal. Accord Washington v. Department of the Army, 813 F.2d 390, 393-94 (Fed.Cir.1987). We note that the board did consider Wilson's many years of service with the government and appropriately balanced this long service term against the seemingly flagrant disdain Wilson displayed for simple directions by her supervisor and her lack of remorse for her insubordination. We consider the analysis required by Douglas v. Veterans Administration, 5 M.S.P.R. 280, 299 (1981) satisfied in this case.
 
 
 8
 The board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or not supported by substantial evidence. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).