826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vincent C. TYLER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3204
 United States Court of Appeals, Federal Circuit.
 July 13, 1987.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. NY07528610373, affirming the United States Postal Service's (USPS) removal of Tyler for absence without leave (AWOL), is affirmed.
 
 OPINION
 
 2
 The USPS removed Tyler on one charge of AWOL derived from ten instances of missed tours of duty and five instances of tardiness. The board rejected Tyler's various explanations for these infractions and adopted instead the testimony of Tyler's supervisor, Mr. Waguih 'George' Guirguiss, who stated that Tyler was AWOL and tardy on the relevant dates. Mr. Guirguiss also testified that Tyler's absences interrupted the proper operation of his unit. The board accepted the testimony of Mr. Curry Donar, the Employee Assistance Program counselor who worked with Tyler, that Tyler is an alcoholic, unable to confront his severe drinking problem.
 
 
 3
 The decision of the board sustaining the AWOL charges against Tyler is dependent on credibility determinations. The balancing of testimony at the hearing is within the discretion of the presiding official who heard the testimony and observed the demeanor of the witnesses. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985). Tyler presents no evidence whatsoever to suggest that these credibilty determinations are tainted or incorrect in any way, and we therefore accept them.
 
 
 4
 Tyler presents no basis for this court to reverse the board in this case. As the board noted, Tyler's claim of age discrimination is not actionable. Tyler must be at least forty to invoke the age discrimination statute. 29 U.S.C. Sec. 631, 633a. The evidence of record establishes that Tyler was frequently AWOL and often drunk and abusive while at work, resulting in various suspensions and warnings about his conduct. The USPS attempted to accommodate Tyler's problems through counseling. Tyler did not cooperate. Tyler refuses to recognize his difficulties and shows little promise of improvement.
 
 
 5
 An agency may consider an employee's dependability in fashioning a penalty. Removal for AWOL may be the appropriate choice. Washington v. Department of the Army, 813 F.2d 390, 394 (Fed. Cir. 1987). Selection of the penalty is largely committed to the agency, and this court will not disturb the agency's choice unless it is so unreasonable as to be an abuse of discretion. Id.
 
 
 6
 In this case, the evidence of AWOL is clear and shows a consistent pattern of absence. In addition, Tyler was warned about his conduct and counseled. We conclude that the requirements of Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981) have been met and that the penalty is reasonable. The decision of the board is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or not supported by substantial evidence. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).