835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia E. MORTENSEN, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3124.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals the final decision of the Merit Systems Protection Board, No. DC07528610224, removing her from her position as a GS-14 Program Analyst with the Department of Justice (the agency) for failing to return to duty following a 2-month period of leave without pay. Petitioner has not demonstrated that the board decision was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or not supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982 & Supp.1985); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Therefore, we affirm.
 
 OPINION
 
 2
 As this court stated when confronted with a similar factual setting, "[i]n the circumstances we cannot say that the agency abused its discretion in denying the petitioner leave without pay." Washington v. Department of the Army, 813 F.2d 390, 393 (Fed.Cir.1987). The facts of the present case do not illustrate a situation where the course of dealings between the petitioner and the agency were sufficient to make the agency "well-advised of the seriousness of the petitioner's condition." Id. at 394 (quoting Foster v. Department of Health and Human Services, 18 M.S.P.R. 339 (1983)). Nor can we conclude that there is not substantial evidence to support the board's findings that petitioner was not disabled to the point of being unable either to return to work or to respond to the agency's request for medical documentation. Finally, we have been shown nothing that would indicate that the penalty of removal for being absent without leave amounts to an abuse of discretion by the agency. Washington, 813 F.2d at 394; Davis v. Veterans Administration, 792 F.2d 1111, 1113 (Fed.Cir.1986); see also Douglas v. Veterans Administration, 5 MSPB 313, 329 (1981).