854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. CHAVEZ, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3542.
 United States Court of Appeals, Federal Circuit.
 July 18, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. SF07528610030-1, affirming the removal of Joseph L. Chavez from his position as Pipefitter Apprentice for "Excessive Unauthorized Absence" (AWOL), is affirmed on the basis of the Board's decision.
 
 OPINION
 
 2
 Chavez argues the Board arbitrarily rejected the medical certification he submitted to support his fifty-nine day absence between April 29, 1985 and June 26, 1985. In addition, Chavez contends that the Navy abused its discretion by removing him.
 
 
 3
 The Board found the Navy specifically requested Chavez to provide certification from his doctor "indicating diagnosis, prognosis, and probable return to work date." The Board committed no error because Chavez was "aware that the agency needed definitive reasons for [his] absence," yet only provided partial information. See Kincheon v. Department of Navy, 6 MSPB 29, 29-30, 6 M.S.P.R. 17, 19 (1981); see also McDonough v. United States Postal Serv., 666 F.2d 647, 650-51 (1st Cir.1981) (removal of employee sustained when employee did not submit complete and unambiguous medical documentation within reasonable time).
 
 
 4
 Chavez' contention that his removal demonstrated an abuse of discretion is also without merit. Chavez conceded past absences from work, in addition to a prior suspension for an unauthorized absence. The Board properly considered those past absences, together with the AWOL charge, in its decision to affirm the Navy's action. Washington v. Department of Army, 813 F.2d 390, 394 (Fed.Cir.), cert. denied, 108 S.Ct. 501 (1987). Accordingly, the Board did not abuse its discretion in affirming Chavez' removal.