Michael L. LAW, Petitioner,

v.

UNITED STATES POSTAL
SERVICE, Respondent.

No. 88–3001.

United States Court of Appeals,
Federal Circuit.

May 12, 1988.

Opinion July 26, 1988.

Martin M. Glazer, Haidri, Glazer & Kamel, Union, N.J., for petitioner.

Paula J. Barton, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With her on the brief were James M. Spears, Acting Asst. Atty. Gen., David M. Cohen, Director and Mary S. Mitchelson, Asst. Director. Also on the brief was Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

Before DAVIS,* NIES and NEWMAN, Circuit Judges.

PER CURIAM.

Michael L. Law seeks review of the final decision of the Merit Systems Protection Board, Docket Nos. NY07528710298 and NY07528710345 (two decisions by the agency, the United States Postal Service, to remove Law were appealed and the actions were joined), sustaining the agency's decision to remove him from his position as a mailhandler for irregular attendance and for an instance of AWOL. For the reasons explained below, we affirm the board's decision.[1]

I

The parties stipulated that Law had numerous unscheduled absences over a twelve-month period, including seven instances of tardiness, one day of emergency annual leave, and nineteen days of sick leave. Law also admitted a charge of AWOL based on tardiness of forty-five minutes. Moreover, the facts are undisputed that Law had not requested leave in advance for those unscheduled absences; that the agency approved all of them after the fact, except for the AWOL; that Law, a five-year employee, had a prior record of a warning and five suspensions (ranging from five to fourteen days) for irregularity of attendance and AWOL; and that the Employee and Labor Relations Manual guides the agency's attendance policy and requires employees to be regular in attendance.

II

■ Law correctly notes that our scope of review of a board decision is limited by the statutory provisions of 5 U.S.C. § 7703(c) (1982).[2] He contends, however, that his removal was arbitrary, capricious, and an abuse of discretion within the meaning of the statute. Specifically, Law contends that the record shows "merely the conclusory statement that tardiness and absenteeism will cause problems for [the agency]." Thus, Law challenges the required nexus between his misconduct and the efficiency of the service.

Law's contention fails. First, the record shows that the board considered testimony from agency witnesses stating that it was important that Law be present, on time, and avoid unscheduled absences. The agency provided more than a mere conclusory statement. In any event, an agency is inherently entitled to require an employee to be present during scheduled work times and, unless an agency is notified in advance, an employee's absence is disruptive

---

* Judge Davis died before this opinion was issued in published form.

1. This opinion was originally issued as an unpublished opinion on May 12, 1988, and is being published at respondent's request. Because published opinions are precedent and bind this court, a few changes have been made for clarification.

2. The pertinent provisions of section 7703(c) provide as follows:

(c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence. . . .

to the agency's efficient operation. *See Washington v. Department of the Army*, 813 F.2d 390, 394 (Fed.Cir.) (even prior approved leave may show unreliable attendance and render employee "of marginal value to agency"), *cert. denied*, —— U.S. ——, 108 S.Ct. 501, 98 L.Ed.2d 500 (1987). Second, we have held that "any sustained charge of AWOL is inherently connected to the efficiency of the service." *Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed.Cir.1986). Accordingly, the board was correct in finding the requisite nexus present in this case.

Law also challenges the board's decision to sustain the penalty because "there was no discussion of why lesser penalties were not appropriate." That assertion is simply untrue. The board specifically found that "[t]he agency proved that its previous attempts to impose lesser penalties than removal were unsuccessful in changing [Law's] unacceptable attendance habits."

█ Finally, Law argues that mitigating factors, including his good attendance during the six months before removal, the relation between his absences and his service-related disability, and the later approval of his absences, render the penalty of removal an abuse of discretion. We disagree. The board found that the pattern of Law's misconduct evident from his past disciplinary record showed an absence of contrition and outweighed any mitigating factors. The board also held that the penalty under such circumstances was within the discretion of the agency. We will not disturb a penalty within an agency's discretion unless the penalty is "outrageously disproportionate to the offense" in light of all relevant factors. *Yeschick v. Department of Transp., FAA*, 801 F.2d 383, 384–85 (Fed.Cir.1986). Such an abuse of discretion is absent here.

### III

The decision of the Merit Systems Protection Board sustaining petitioner's removal is affirmed.

AFFIRMED.