·**Michael A. CAMPANA, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

**No. 88–3400.**

United States Court of Appeals, Federal Circuit.

Decided April 25, 1989.

Dennis L. Friedman, Friedman & Hanes, P.C., Philadelphia, Pa., argued, for petitioner.

Agnes M. Brown, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

Michael A. Campana appeals from a final decision of the Merit Systems Protection Board (Board), Docket No. PH07528810004, affirming his removal by the Department of the Navy (agency). We affirm.

## BACKGROUND

Campana was employed as a boilermaker worker at the Philadelphia Naval Shipyard (Shipyard). During the period from July 2, 1986, to February 5, 1987, Campana exhausted all of his accrued sick and annual leave and, in addition, was granted 401 hours of leave without pay (LWOP). On February 5, 1987, Campana was issued a notice of unsatisfactory attendance stating that he would no longer be granted LWOP and any future absences for which he did not have accrued leave would be considered unauthorized (AWOL). The agency's "internal guidelines" for granting or denying LWOP provide, in pertinent part:

4. In the case of an employee who, because of frequent sick leave absences, has exhausted all of his/her annual and sick leave and had been previously granted LWOP the policy is to disapprove any further request for LWOP. Prior to this disapproval, the employee should have been notified, in writing, of the Unsatisfactory Attendance and that he/she will no longer be granted LWOP.

Philadelphia Naval Shipyard Instructions 12630.4D.

Between February 6 and April 6, 1987, Campana was absent for a total of 50 hours, of which eight hours were classified as AWOL. The agency notified Campana that his absences were detrimental to the efficiency of the boiler shop and, unless his attendance improved, removal from employment could result.

From April 9 to April 16, 1987, Campana was absent from work because of a "strep throat." The agency considered 26 hours of this absence as AWOL. Campana failed to report to work on May 11 and 12, 1987, due to an "upper respiratory infection," and the agency considered six hours of this absence as AWOL. Campana again failed to report to work from May 18 through May 21, 1987, due to a "sprained right ankle." The agency considered 32 hours of that absence as AWOL.

Thereafter, the agency citing his absences between April 9 and May 21, 1987, issued Campana a notice of proposed removal based on a charge of "Unsatisfactory Attendance." Before the Board, the parties stipulated that (1) the agency did not dispute the legitimacy of Campana's illness on the cited dates, and (2) the agency would have granted Campana sick and/or annual leave had Campana had sufficient accrued sick and/or annual leave.

The administrative judge (AJ), in determining whether the agency's placement of Campana in LWOP status was an abuse of discretion, stated that "where a medical excuse is involved, it will review the record as a whole to determine whether the agency's denial of leave without pay was reasonable under the circumstances." After a review of the record, the AJ sustained the charge of "Unsatisfactory Attendance" and found the penalty of removal within the bounds of reasonableness.

## ISSUE

Whether the Board erred in sustaining the agency's denial of Campana's LWOP request.

## OPINION

### I

 The authorization of LWOP, where medical excuses are involved, is generally a matter of administrative discretion, notwithstanding the Shipyard's Instructions. *See Desiderio v. United States Dept. of Navy,* 4 MSPB 171, 4 M.S.P.R. 84, 86 (1980) (citing Federal Personnel Manual Supplement 990–92, 630–55, Subchapter S12–2 (May 19, 1969)). However, an agency's denial of LWOP must be reasonable under the circumstances. *See Washington v. Department of Army,* 813 F.2d 390, 393 (Fed. Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 501, 98 L.Ed.2d 500 (1987); *Foster v. Department of Health and Human Servs.,* 18 M.S.P.R. 339, 343 (MSPB 1983).

 The AJ concluded, based on Campana's receipt of 401 hours of LWOP, the written notice of no additional LWOP, and the acute shortage of boilermakers at the shipyard, that the agency did not abuse its discretion in denying Campana's LWOP. Campana, relying on *Wade v. Department of the Navy,* 829 F.2d 1106 (Fed.Cir.1987), contends that because he was "incapacitated" for the periods in question, his leave *must* be classified as LWOP. That contention is without merit. Sick leave as used in 5 C.F.R. § 630.401 (1988) is a term of art referring only to "accrued leave." *See* 5 U.S.C. § 6307 (1982) (stating that "[a]n employee is entitled to sick leave with pay which accrues on the basis of one-half day for each full biweekly pay period"); Federal Personnel Manual 630–11, Subchapter 4 (September 30, 1963) (stating that "[f]ull-time employees ... earn sick leave at the rate of 4 hours for each biweekly pay period"). Accordingly, *Wade* stands for the proposition that if an employee has "accrued sick leave" and the absence is due to an incapacitating illness, the agency must grant sick leave for that absence. *See Wade,* 829 F.2d at 1109.

Although we have grave concerns regarding the lack of flexibility in the agency's "internal guidelines," we need not, and do not, address the "internal guidelines" here. The AJ's conclusion in this case that the agency did not abuse its discretion in denying Campana's LWOP was not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Campana's additional contentions are also without merit. Accordingly, we affirm the AJ's decision sustaining the agency's removal of Campana.

*AFFIRMED*