945 F.2d 417
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Olivia C. KIMBLE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3279.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1991.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.
 
 DECISION
 PER CURIAM
 
 1
 Olivia C. Kimble appeals from the judgment of the Merit Systems Protection Board (MSPB or Board) which sustained her removal from her position as an Address Systems Support Manager with the Postal Service in Memphis, Tennessee, on the basis of her inability to perform the requirements of her position due to her medical condition. This court affirms.
 
 BACKGROUND
 
 2
 On July 9, 1986, Ms. Kimble failed to report for work. Except for a 4-month period in 1987, Ms. Kimble did not report to work again in the next 3 years. After a 7-month absence from work, Ms. Kimble's doctor maintained that she was suffering from depression, had "built up some phobic anxiety of her work" and should be assigned to work at another agency. Ms. Kimble received worker's compensation benefits for her absences from the Office of Workers' Compensation Programs (OWCP) which ruled that her condition was work-related and disabling.
 
 
 3
 In 1987, the Postal Service, "in an effort to help rehabilitate this employee and assist her in returning, to her regular duties," arranged a transfer for Ms. Kimble to the U.S. Army Corps of Engineers in Memphis as an office assistant, a position which would be tailored to her qualifications and equal in remuneration to her Postal Service assignment. But Ms. Kimble declined the offer and on April 13, 1987, with her doctor's approval, returned to work where she lasted less than 4 months. When she again ceased coming to work, the OWCP paid benefits based on the recurrence of Ms. Kimble's condition.
 
 
 4
 In February 1988, the Postal Service notified Ms. Kimble that her position with the agency was being replaced with one to which she had no incumbent right and that it was one for which she would have to compete. One month later, Ms. Kimble's doctor again recommended that she be transferred to another agency in order to reduce her stress levels and because of her "negative feelings" toward the Postal Service. The Postal Service obliged, again arranging for the office assistant position at the Army Corps of Engineers, but Ms. Kimble once again refused and also refused to return to work at the Postal Service.
 
 
 5
 On February 9, 1989, the OWCP informed Ms. Kimble that it deemed the Army Corps of Engineers position to be suitable for her, that she was risking her worker's compensation entitlement by not accepting the position, and that her benefits were being reevaluated. In early 1989 Ms. Kimble then asked permission to return to work. The agency denied the request on the grounds of her admitted medical unfitness for the position. On April 5, 1989, the OWCP disallowed Ms. Kimble's claim for continued benefits and on April 8, 1989, the OWCP terminated her worker's compensation payments.
 
 
 6
 On June 13, 1989, the Postal Service issued a Notice of Proposed Removal, which recommended Ms. Kimble's removal because of her inability to perform her duties and her failure to accept the offered position at the Army Corps of Engineers. The notice informed Ms. Kimble of the necessary procedures for pursuing disability retirement and reminded her that she could still accept the job at the Army Corps of Engineers. Ms. Kimble did not respond to the notice and was removed, effective July 22, 1989.
 
 
 7
 Ms. Kimble timely appealed her removal to the MSPB, but did not request a hearing. The MSPB's Initial Decision affirmed the agency's removal action, finding that the Postal Service had shown "by a preponderance of the evidence that [Ms. Kimble] is unable to perform the requirements of her Postal position." However, the Administrative Judge (AJ) additionally found that although Ms. Kimble refused a job offer with the Army Corps of Engineers, such conduct did not give rise to a basis for her removal.
 
 
 8
 Ms. Kimble moved for full board review of the Initial Decision. The Board granted Ms. Kimble's petition for review, affirming and modifying the Initial Decision but upholding her removal. In its March 11, 1991 Opinion and Order, the Board upheld Ms. Kimble's removal, finding a nexus between her medical condition and the efficiency of the service and detecting no error in the AJ's removal rationale. The Board further addressed Ms. Kimble's argument that she was discriminated against because of her race (black), finding that Ms. Kimble had not established a prima facie case of racial discrimination. We need make no further reference to this issue on appeal. Ms. Kimble appeals, seeking reversal of the adverse action, compensation for all losses and protection from reprisals.
 
 DISCUSSION
 
 9
 We review the MSPB's decision under the restrictive standard set out in 5 U.S.C. § 7703(c)(1988) which mandates that this court affirm the MSPB's judgment unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." In this case, substantial evidence supports the AJ's finding that Ms. Kimble was unable to work because of the maladies from which she suffered. Ms. Kimble's doctors stated that her anxiety and depression were related to her employment at the Postal Service and Ms. Kimble herself admitted that she was "not cured." Further, the OWCP found that Ms. Kimble was unable to work at the Postal Service. Ms. Kimble could not perform in her position at the Postal Service because of her medical condition.
 
 
 10
 Further, removal is justified based upon the existence of an ample nexus between Ms. Kimble's medical condition and the efficiency of service. See Smith v. Department of the Air Force, 22 M.S.P.R. 255, 257 (1984). In the case of Law v. United States Postal Service, 852 F.2d 1278 (Fed.Cir.1988), the appellant, a Postal Service employee, sought review of his removal which had been effected on the basis of numerous unscheduled absences over a 12-month period. Specifically, Mr. Law challenged the existence of the required nexus between his misconduct (his absences) and the efficiency of the service. This court stated "an agency is inherently entitled to require an employee to be present during scheduled work times and, unless an agency is notified in advance, an employee's absence is disruptive to the agency's efficient operation. See Washington v. Department of the Army, 813 F.2d 390, 394 (Fed.Cir.) (even prior approved leave may show unreliable attendance and render employee 'of marginal value to the agency'), cert. denied, --- U.S. ----, 108 S.Ct. 501, 98 L.Ed. 500 (1987)." Washington states that even if leave is approved, " 'this principle need not preclude an agency, in an otherwise appropriate case, from showing that the employee is of marginal value to the agency because of his unreliable attendance.' [Citation omitted.] Moreover, in determining the appropriate penalty, the agency may consider the employee's dependability. Douglas v. Veterans Admin., 5 MSPB 313, 5 M.S.P.R. 280, 305-06 (1981)."
 
 
 11
 Because of her inability to work at the Postal Service, Ms. Kimble was indeed of "marginal value to the agency," and her attendance at her job was certainly unreliable, occurring in only 4 months out of 3 years. The agency was unable to depend on Ms. Kimble, and although the Postal Service repeatedly attempted to assist her into another position more commensurate with her abilities, she consistently refused the aid. Because of the Postal Service's interest in and right to an employee's dependability and utility, the Board correctly held that substantial evidence supported Ms. Kimble's removal and further properly found a nexus between her condition and the efficient operation of the agency. In this century the reports are rife with decisions upholding the principle that an employee must without question be "ready, willing and able" to perform the duties of employment to receive any sort of compensation. Petitioner has not shown that she meets this test.