**Laurie MESSICK, Plaintiff,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant.**

**No. Civ.A. SA–97–CA330FB.**

United States District Court, W.D. Texas, San Antonio Division.

March 1, 2000.

Carroll W. Schubert, Attorney at Law, San Antonio, TX, for Laurie Messick, plaintiff.

Allen Butler, Clark, West, Keller, Butler & Ellis, Dallas, TX, M. Brenk Johnson, Clark, West, Keller, Butler & Ellis, Dallas, TX, for Sears, Reobuck and Company, defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BIERY, District Judge.

Before the Court are Defendant's Motion for Summary Judgment and Brief in Support (docket no. 46), plaintiff's response (docket no. 49) and defendant's reply (docket no. 50). After careful consideration of the motion, response and reply, the pleadings on file and the entire record in this case, the Court is of the opinion the motion should be granted.

Plaintiff brings suit against her former employer alleging Americans with Disabilities Act ("ADA") claims for discrimination on the basis of her disability, lupus, and her association with her disabled son, who is autistic, denial of accommodations for her and her son and retaliation for requesting such accommodations. She also brings Family and Medical Leave Act ("FMLA") claims for denial of leave for her health problems and her son's health problems and retaliation for seeking such leave. Plaintiff further alleges an Employees Retirement Income Security Act ("ERISA") claim for the wrongful denial of health benefits. For the reasons stated below, and those in defendant's motion and reply, summary judgment is entered in favor of defendant.

Plaintiff's response does not address either of her ADA claims related to her son (discrimination and failure to accommodate) or her claims for denial of FMLA leave for herself and to care for her son. The Court has reviewed defendant's arguments, the authorities cited and the summary judgment record. For the reasons set forth in the motion and reply, and in the absence of controverting evidence from plaintiff, the Court finds no genuine issues as to any material fact and concludes defendant has met its burden of proving it is entitled to judgment as a matter of law on these claims. FED.R.CIV.P. 56(c).

 As to plaintiff's ERISA claim, the summary judgment record shows Ms. Messick is not a participant in any benefit plan maintained by defendant. Accordingly, she has no standing to bring suit under that statute. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 106–07, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); 29 U.S.C. § 1140, 1002(7). Defendant is thus entitled to summary judgment on plaintiff's ERISA claim.

 Plaintiff also seeks damages under the ADA. While this Court is sympathetic to Ms. Messick's condition, the weight of authority and the summary judgment rec-

ord are against her cause of action as a matter of law. The Court finds Ms. Messick's attendance was necessarily a fundamental prerequisite to her job as a salesperson at defendant's store and defendant has proven the unscheduled absences could not be accommodated. *See Tyndall v. National Educ. Ctrs., Inc.,* 31 F.3d 209, 213 (4th Cir.1994) ("regular and reliable" attendance was necessary element of plaintiff's job despite complications from lupus); *Carr v. Reno,* 23 F.3d 525, 529 (D.C.Cir. 1994) ("coming to work regularly" is an "essential function" of any job); *Jackson v. Veterans Admin.,* 22 F.3d 277, 279 (11th Cir.1994) (employee with unpredictable and excessive absences cannot be considered "qualified individual" with disability); *Law v. United States Postal Serv.,* 852 F.2d 1278, 1279–80 (Fed.Cir.1988) (presence on time and regular attendance is essential function of any job); *Amato v. St. Luke's Episcopal Hosp. .,* 987 F.Supp. 523, 531–32 (S.D.Tex.1997) (unpredictable and sporadic absences prevent individual from asserting ADA claim due to undue burden placed upon employer); *see also Rogers v. International Marine Terminals, Inc.,* 87 F.3d 755, 759 (5th Cir.1996) (employee recovering from ankle surgery and unavailable to work is not qualified individual under ADA). Defendant is therefore entitled to summary judgment on plaintiff's ADA cause of action.

 As to plaintiff's claims of retaliation under the ADA and FMLA, even presuming plaintiff can identify some protected activity, she has not shown "but for" any protected activity she would not have been terminated. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir.1999) (ADA); *Bocalbos v. National W. Life Ins. Co.,* 162 F.3d 379, 383 (5th Cir.1998) (FMLA), *cert. denied,* —— U.S. ——, 120 S.Ct. 175, 145 L.Ed.2d 148 (1999). Defendant has produced competent summary judgment evidence indicating plaintiff was terminated for poor attendance and work performance. Plaintiff has not set forth controverting evidence establishing these legitimate, nondiscriminatory and nonretaliatory reasons are a pretext for unlawful retaliation. *See Elliott v. Group Med. & Surgical Serv.,* 714 F.2d 556, 566 (5th Cir. 1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984); *see also Taylor v. Blue Cross & Blue Shield, Inc.,* 55 F.Supp.2d 604, 613 (N.D.Tex. 1999) (evidence plaintiff received favorable job reviews in previous years does not show asserted problems with job performance are pretextual). Nor has plaintiff offered evidence to support the assertion she was treated less favorably than nondisabled employees. Defendant is entitled to summary judgment on plaintiff's ADA and FMLA retaliation claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment and Brief in Support (docket no. 46) is GRANTED such that summary judgment is entered in favor of defendant. The above-styled and numbered cause is DISMISSED. Each side is to bear its respective costs. Motions pending with the Court, if any, are DENIED.

It is so ORDERED.