**Richard A. PAYNE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

**No. 00–3182.**

United States Court of Appeals,
Federal Circuit.

Feb. 8, 2001.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Richard A. Payne seeks review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. CH–0752–99–0227–I–1, affirming his removal from employment with the United States Postal Service ("agency"). We *affirm.*

DISCUSSION

The scope of our review of a decision of the Board is limited. We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703 (1994).

Pursuant to 5 C.F.R. § 1201.115(d), the Board adopted the decision of the administrative judge as its final decision. The Board found that a preponderance of the evidence supported the agency's charges that Mr. Payne disposed of deliverable mail and made false statements when the agency investigated the incident. Mr. Payne challenges many of the Board's factual findings supporting its decision.

However, while the record contains conflicting evidence, our review suggests that the Board's determination is not arbitrary or capricious and is supported by substantial evidence. In particular, we note that the administrative judge, acting for the Board, took testimony from several witnesses, including Mr. Payne, most of whom had knowledge of the contested incident or participated in the subsequent investigation. The administrative judge was in the best position to weigh the credibility of the various witnesses, and we will rarely disturb such credibility determinations. *See, e.g., Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725–26 (Fed.Cir.1998) (credibility determinations "virtually unreviewable"). Accordingly, the Board's findings of fact are supported by substantial evidence.

The Board also found that Mr. Payne's removal from his position as a postal carrier was reasonable in light of the *Douglas* factors. *See Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 305 (1981) (setting forth factors that the Board considers in determining whether or not removal was reasonable). The administrative judge considered those factors which he thought were most pertinent, including Mr. Payne's work record, the seriousness of the charges, and Mr. Payne's rehabilitative potential. *See id.* at 306 (stating that not all of the *Douglas* factors will be pertinent in every case). Mr. Payne argues that the Board did not properly review the imposed penalty under the *Douglas* factors. This court's review of penalty determinations is highly deferential. *Webster v. Dep't of the Army,* 911 F.2d 679, 685 (Fed.Cir.1990). This court "will not disturb a penalty within an agency's discretion unless the penalty is 'outrageously disproportionate to the offense' in light of the relevant factors." *Law v. United States Postal Serv.,* 852 F.2d 1278, 1280 (Fed.Cir. 1988). Here, the Board carefully weighed and considered the relevant *Douglas* factors, and determined that the factors favoring removal outweighed any mitigating factors. The Board was fully aware of the parallel between this case and that of *Toth v. United States Postal Service,* 76 M.S.P.R. 36 (1997), and took into consideration the similarities and differences. The Board's conclusion was not arbitrary, capricious, or an abuse of discretion.

We have considered Mr. Payne's other arguments and conclude that those arguments lack merit. In view of the foregoing, we affirm the Board's decision.