NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3255

RICHARD D. DAVIS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Richard D. Davis, of Heiskell, Tennessee, pro se.

Robert P. Sindermann, Jr., Appellate Counsel, Appellate Division, United States Postal Service, of Washington, DC, for respondent. Of counsel was James W. Poirier, Trial Attorney. On the brief was Lori J. Dym, Chief Counsel. Also on the brief was Peter D. Keisler, Acting Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3255

RICHARD D. DAVIS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

---

DECIDED: December 10, 2007

---

Before RADER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Richard D. Davis petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of Mr. Davis's employer, the United States Postal Service ("agency"), demoting him from his supervisory position for unsatisfactory work performance. Davis v. United States Postal Serv., AT-0752-06-0100-I-1 (M.S.P.B. April 4, 2007) ("Final Decision"). We affirm.

DISCUSSION

I.

Prior to his demotion in October 2005, Mr. Davis was Supervisor, Customer Services, EAS-17, responsible for supervising mail carriers at the Burlington Station in Knoxville, Tennessee. One of his tasks as a supervisor was to ensure that all mail carriers returned to the station by 5:00 p.m. each day. Under the agency's timekeeping system, every mail carrier would "clock in" upon returning to the station, creating a daily "clock ring entry" indicating the exact time of his or her return.

A June 2005 review of timekeeping records revealed that Mr. Davis was responsible for a high number of changes in his subordinates' clock ring entries. In each instance, it was determined, Mr. Davis had changed the return time from after 5:00 p.m. to exactly 5:00 p.m. or some time before that, in order to comply with the agency's target deadline. Mr. Davis made seventeen such clock ring alterations, substantially more than any other supervisor.

II.

As a result of its investigation, the agency demoted Mr. Davis for unsatisfactory work performance for improperly altering his subordinates' clock ring entries. Mr. Davis appealed his demotion to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he sustained the agency's action. Davis v. United States Postal Serv., AT-0752-06-0100-I-1 (M.S.P.B. July 21, 2006) ("Initial Decision"). In reaching his decision, the AJ observed that an agency must establish three justifications for taking an adverse action against an employee. First, it must prove by preponderant evidence that the charged conduct

occurred. 5 U.S.C. § 7701(c)(1)(B)(2000). Second, it must establish a nexus between that conduct and the efficiency of service. 5 U.S.C. § 7513(a)(2000). Third, it must demonstrate that the penalty imposed was reasonable. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 307-08 (1981).

Based upon the evidence presented to him, the AJ concluded that the agency had met its burden on all three criteria. First, the AJ found preponderant evidence of Mr. Davis's unsatisfactory work performance due to his improper clock ring alterations. Initial Decision at 6. Mr. Davis testified that the clock ring alterations in question were in fact proper because he only made them when a mail carrier had actually returned before 5:00 p.m. but did not clock in until after that deadline. The AJ was not persuaded by this claim, which contradicted separate testimony by mail carrier witnesses who stated that "as a matter of course, they clocked in when they returned." Initial Decision at 4. Witnesses also testified that Mr. Davis "often moved around the postal facility" and "did not simply sit at his desk or stand by the door at 5:00 each day." Id. at 5. Furthermore, the AJ found that Mr. Davis's office location would have prevented him from seeing any mail carriers entering the station. Id. at 4. Finally, the AJ observed that every clock ring alteration made by Mr. Davis involved a late return adjusted to reflect a timely return, a statistical improbability that highlighted the questionable credibility of his claim. Id. at 5. The AJ concluded that this evidence, taken together, was preponderant evidence of Mr. Davis's unsatisfactory work performance as alleged by the agency.

Second, the AJ found a requisite nexus between Mr. Davis's conduct and the efficiency of service. Third, and finally, the AJ determined that the demotion was a reasonable penalty under the circumstances, since Mr. Davis had abused his

supervisory authority to manipulate important agency data. The <u>Initial Decision</u> became the final decision of the Board when the Board denied Mr. Davis's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). <u>Final Decision</u>. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

On appeal, Mr. Davis raises two arguments. First, he contends that the agency failed to prove its charge by a preponderance of the evidence. Second, as far as his penalty is concerned, he argues that he was subjected to disparate treatment. We address each contention in turn.

First, our review of the Board's factual findings is governed by the substantial evidence standard. 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." <u>Weston v. Dep't of Housing and Urban Dev.</u>, 724 F.2d 943, 948-49 (Fed. Cir. 1983). In that connection, the Board's determinations regarding witness credibility are "virtually unreviewable," <u>Hambsch v. Dep't of the Treasury</u>, 796 F.2d 430, 436 (Fed. Cir. 1986), since the "determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor." <u>Griessenauer v. Dep't of Energy</u>, 754 F.2d 361, 364 (Fed. Cir. 1985). We have no difficulty concluding that the evidence outlined in Part II above constitutes substantial evidence in support of the Board's determination that the agency established the charge against Mr. Davis.

Second, Mr. Davis asserts disparate treatment. His claim is that, while several allegedly similarly situated supervisors also engaged in questionable clock ring

adjustments, he was the only one demoted.  We reject this argument.  Mr. Davis was not similarly situated to the other supervisors since he had committed a substantially greater number of questionable clock ring adjustments.  For example, it was determined that Mr. Davis made seventeen questionable changes, while the next highest total for any supervisor in the area was ten.  Initial Decision at 3.  Furthermore, this court will not disturb an agency penalty unless it is outrageously disproportionate to the offense, see Law v. United States Postal Serv., 852 F.2d 1278, 1280 (Fed. Cir. 1988), and it is "not reversible error if the Board fails expressly to discuss all of the Douglas factors.  The Board need only determine that the agency considered the factors significant to the particular case."  Kumferman v. Dep't of the Navy, 785 F.2d 286, 291 (Fed. Cir. 1986) (internal citations omitted).  Here, the Board considered the relevant evidence and circumstances surrounding Mr. Davis's offense and properly affirmed the demotion as a reasonable and appropriate penalty.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.