NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AVERY K. TAYLOR,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3090

---

Petition for review of the Merit Systems Protection Board in case No. DA0752090155-I-1.

---

Decided: September 10, 2010

---

AVERY K. TAYLOR, of Houston, Texas, pro se.

DAVID C. BELT, Appellate Attorney, Office of General Counsel, United States Postal Service, of Washington, DC, for respondent. With him on the brief was LORI J. DYM, Chief Counsel, Office of General Counsel, United States Postal Service, of Washington, DC, and TONY WEST, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Of counsel was SCOTT A.

MACGRIFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

———————————

Before RADER, *Chief Judge*, FRIEDMAN and LINN, *Circuit Judges*.

PER CURIAM.

Avery Taylor appeals a final decision of the Merit Systems Protection Board ("Board"), which affirmed his removal from his position as a letter carrier with the U.S. Postal Service ("Service") for unexcused absences. *Taylor v. U.S. Postal Serv.*, No. DA-0752-09-0155-I-1 (M.S.P.B. Dec. 17, 2009) ("*Decision*"). Because the Board's opinion was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

Taylor joined the Service in October 1993. In September 2005, he stopped reporting for work, claiming that he suffered from job-related stress. Between November 2005 and July 2007, the Service sent Taylor multiple letters asking that he report for duty or provide medical documentation of his condition. In response to each request, Taylor submitted letters from his doctor that described his illness, and the Service took no action to remove him. By June 2006, Taylor exhausted all of his paid leave, so the Service placed him on leave without pay ("LWOP") status.

In September 2007, the Service sent Taylor another letter asking him to report or furnish medical documentation, at the risk of losing approved leave. Taylor responded in writing, saying that his medical condition had not changed since July 2007, but without providing evidence. In November 2007, the Service ordered Taylor to

report for a fitness for duty ("FFD") medical examination. The designated physician, Dr. Charles Covert, submitted a report, which a Service physician used to make a medical assessment, deciding that Taylor was fit for duty. Taylor objected to filling out a consent form prior to the examination and claims that Covert never examined him. According to the government, Service officials received only the final assessment, not Covert's initial FFD report. *Decision* at 11 n.6.

On November 21, 2007, the Service sent Taylor a directive informing him of the results of the medical assessment and ordering him to report on November 26, 2007 or be considered absent without leave ("AWOL") and face removal. Taylor never reported or responded to this directive. On April 8, 2008, the Service issued a notice of proposed removal based on the charge of "Unsatisfactory Attendance – AWOL." After the ten-day deadline to answer the notice, Taylor submitted a letter from his physician that stated that Taylor was still unable to work. On June 13, 2008, the Service removed him. On appeal, the Board affirmed the Service's ruling. Taylor timely appealed the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). To take an adverse action against an employee, an agency must (1) "establish by preponderant evidence that the charged conduct occurred," (2) "show a nexus between that conduct and the efficiency of the service," and (3) "demonstrate that the penalty imposed was reasonable in light of the relevant factors set forth in *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 307-08 (1981)."

*Malloy v. U.S. Postal Serv.*, 578 F.3d 1351, 1356 (Fed. Cir. 2009).

"In order to prove a charge of AWOL, an agency must show by preponderant evidence that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied." *Wesley v. U.S. Postal Serv.*, 94 M.S.P.R. 277, 283 (2003). An AWOL charge automatically satisfies the nexus requirement because "any sustained charge of AWOL is inherently connected to the efficiency of the service." *Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed. Cir. 1986).

Taylor argues that the Service improperly changed his status from LWOP to AWOL because Covert never actually examined him before clearing him for duty. In response, the government claims that Covert's report is "not directly relevant" because Service officials did not receive or rely on it, only the final medical assessment. Resp't's Br. 26-27. This assertion is suspect: the assessment cited Covert's evaluation, and both the November 21, 2007 directive and the notice of proposed removal referred to the "medical evaluation by Dr. Charles Covert." Regardless, the Board found that Taylor never requested extra leave or provided evidence of illness for the period from November 26, 2007 to April 8, 2008. *Decision* at 9-10. Taylor does not dispute these facts. Under these circumstances, the Service had discretion to deny Taylor additional leave based on his failure to provide requested documentation. *See Washington v. Dep't of Army*, 813 F.2d 390, 393 (Fed. Cir. 1987) (affirming denial of LWOP where the employee failed to submit "material necessary to support her claim that she was incapacitated for work"). There was substantial evidence for the Board to conclude that Taylor was indeed absent without permission.

Taylor also claims that the Service denied him minimum due process because he never had an opportunity to rebut Covert's report. To the contrary, Taylor received multiple opportunities to present documentation of continuing illness both before and after the medical assessment. He claims that he believed that the doctor's letter he submitted in July 2007 obviated the need for further documentation. However, the Service requested additional medical evidence in September 2007 prior to ordering the FFD examination. Taylor responded in writing (which shows that he received the letter) but never provided the requested information. He also acknowledged receipt of the Service's directive of November 21, 2007—which informed him of the medical assessment and ordered him to report to work—but did not reply or request additional leave without pay. Taylor then attended an investigative interview with his Postmaster in February 2008 but did not offer new medical evidence. *Decision* at 7. Not until May 9, 2008 did Taylor supply another physician's letter, when it was too late to respond to the notice of proposed removal.

As to the penalty of removal, the Board properly balanced the relevant *Douglas* factors. It credited Taylor's fifteen years of service and clean disciplinary record, but noted testimony by Service officials that a letter carrier's absence creates serious hardships, and that Taylor could not be rehabilitated. We discern no clear error in the Board's review of the Service's penalty. *Cf. Law v. U.S. Postal Serv.*, 852 F.2d 1278, 1279 (Fed. Cir. 1988) (affirming the Service's removal of a mailhandler for "for irregular attendance and for an instance of AWOL").

For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

## Costs

No costs.