NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3159

KEVIN P. MERTENS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Kevin P. Mertens, of Maize, Kansas, pro se.

Jeffrey A. Regner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3159

KEVIN P. MERTENS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752080392-I-1.

_____

DECIDED:  September 14, 2009
_____

Before LINN, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Kevin Mertens appeals a decision of the Merit Systems Protections Board ("Board") affirming the United States Postal Service's decision to remove him from his position as a mail carrier.  Because the Board's decision is supported by substantial evidence, we <u>affirm</u>.

## I.  BACKGROUND

The Postal Service removed Mr. Mertens on a charge of Absence Without Official Leave ("AWOL") based on eleven specifications relating to absences between January 8, 2008, and January 24, 2008.  On appeal to the Board, Mr. Mertens argued both that he requested and was entitled to leave for those days under the Family

Medical Leave Act ("FMLA"). He also alleged that the Postal Service committed harmful procedural error by failing to notify him of discipline that was imposed against him in October 2007. Additionally, he argued that his removal was in retaliation for his whistleblowing activity in 2000 when he allegedly declined his supervisor's invitation to drive his postal vehicle on the sidewalk. Finally, he argued that there was no nexus between his alleged misconduct and the efficiency of the service and that the penalty should have been mitigated. In his initial decision, the administrative judge affirmed the agency's AWOL charge with respect to specifications 2, 3, 6, 7, 8, 9, and 10. The administrative judge found that the agency failed to prove the remaining specifications by preponderant evidence. Because seven of the specifications were sustained, the administrative judge sustained the AWOL charge. Based on his review of the record, the administrative judge rejected Mr. Mertens remaining arguments. Mr. Mertens filed a petition for review with the full Board, which was denied making the initial decision of the administrative judge the final decision of the Board. Mr. Mertens timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of decisions of the Board is narrow and limited by statute. Under 5 U.S.C. § 7703(c), we may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

When viewed in light of our standard of review, the arguments made by Mr. Mertens on appeal do not give us a basis to reverse the Board's decision. First, Mr.

Mertens argues that the Postal Service failed to prove that his absences were unauthorized or that his request for leave was properly denied. However, the administrative judge cited affidavits from Mr. Herring and Mr. LaValley that provided substantial evidence to support the administrative judge's finding that Mr. Mertens did not call in to say that he would be absent or otherwise request leave. It is not within our authority to reweigh the evidence. Henry v. Dep't of the Navy, 902 F.2d 949, 951 (Fed. Cir. 1990). With respect to his argument that the administrative judge failed to consider his health condition, we conclude that the administrative judge properly focused on the specifications—i.e., whether Mr. Mertens sought authorization for his leave, either by calling in prior to his absence or by filling out the proper paperwork afterwards—rather than the nature of his health condition.

Mr. Mertens next alleges procedural error in the Postal Service's failure to produce during discovery or offer as evidence PS 3971 forms for the days on which he was absent. However, as the government points out, the only PS 3971 forms that would have been created under the circumstances of this case would have been filled out by Mr. Mertens, who has not alleged that he ever filled out such a form.

Mr. Mertens also alleges that the Postal Service failed to notify him of previous disciplinary proceedings. The administrative judge, however, considered this argument and found that, in light of Mr. Mertens's past actions, his assertion that he was unaware of the prior proceedings was not credible. Credibility determinations are virtually unreviewable on appeal. Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).

Next, Mr. Mertens challenges the administrative judge's rejection of his whistleblowing claim, which is based on Mr. Mertens's alleged refusal to drive his postal vehicle on the sidewalks. The administrative judge concluded that Mr. Mertens failed to prove that he was retaliated against for protected whistleblowing because he did not identify a protected disclosure, failed to prove that the officials who allegedly took retaliatory action had knowledge of a protected disclosure, and failed to prove any nexus between the alleged disclosure and the removal. See Warren v. Dep't of the Army, 804 F.2d 654, 656 (Fed. Cir. 1986). On appeal, he alleges that he met his burden of proof and the administrative judge failed to weigh the evidence properly. Again, we cannot reweigh the evidence on appeal. See Henry, 902 F.2d at 951.

Mr. Mertens also challenges the administrative judge's conclusion that the agency proved that his misconduct burdened the agency and warranted removal. Once again, his complaint is with respect to the administrative judge's weighing of the evidence, which, unless unsupported by substantial evidence, cannot be overruled on appeal. See id. We conclude that Mr. LaValley's affidavit provides sufficient evidence to support the administrative judge's conclusion.

Finally, Mr. Mertens argues that the administrative judge abused his discretion by depriving him of a hearing and an opportunity for discovery as a sanction for his failure to appear for several conferences. In light of the occasions on which Mr. Mertens failed to attend the scheduled hearings, we conclude that the administrative judge's chosen sanction was within his discretion. We also conclude that the record indicates that Mr. Mertens had ample opportunity to submit evidence and his arguments to the contrary are without merit.

## III.  CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS

Each party shall bear its own costs.