**Bettie DAVIS, Petitioner,**

v.

**VETERANS ADMINISTRATION, Respondent.**

**Appeal No. 86–549.**

United States Court of Appeals, Federal Circuit.

June 4, 1986.

Dennis Montgomery, McPherson, Montgomery & Talton-Harris, Suffolk, Va., for petitioner.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and Genevieve Holm, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. Frank S. Doyle, Veterans Admin., Roanoke, Va., of counsel.

Before MARKEY, Chief Judge, FRIEDMAN and NIES, Circuit Judges.

NIES, Circuit Judge.

Bettie Davis appeals from the final decision of the Merit Systems Protection Board in Case No. PHO7528510128, 27 M.S.P.R. 684 (1985), sustaining the Veterans Administration's action under Chapter 75, 5 U.S.C. § 7501 et seq., removing her from a position as Licensed Practical Nurse, GS–5, at the Veterans Administration Medical Center, Hampton, Virginia. We affirm.

I.

The principal charge against petitioner Davis was that she was AWOL from August 5 through August 13, 1984. Ms. Davis had requested leave for that time period for a trip to the Bahamas. The request for annual leave was denied, *inter alia*, because another licensed practical nurse, Mrs. Swann, requested those days as annual leave before Ms. Davis made her request. It was hospital policy that no more than one registered nurse and one licensed practical nurse could be absent simultaneously because of the needs of the patients. Ms. Davis, nevertheless, left by car on August 3, 1984 for Miami, Florida, to depart on the Bahamas cruise from Miami on August 6. The cruise returned on August 11, 1984. On August 3, Ms. Davis had requested emergency annual leave for August 5 and 6 alleging that she had a family emergency that required out-of-town travel to Colorado. On August 7, a person identifying herself as Ms. Davis's daughter requested sick leave for Ms. Davis until August 10, 1984. Finally, Ms. Davis requested sick leave for August 13, 1984.

Ms. Davis admitted she went on the cruise from August 6–11 and other staff members who legitimately were on the cruise testified she was there. However, she claims her emergency annual leave request, her sick leave request and regular days off excuse her absence from work throughout the August 3–13 period.

The board found that Ms. Davis' admission that she had left from Virginia by car for the cruise on August 3 established that her excuse concerning a family emergency was a subterfuge and that her other excuses concerning her sickness on board ship were irrelevant since she should not have been on the cruise ship in the first place. The board held that her removal promoted the efficiency of the service and that the penalty of removal was reasonable.

On appeal, petitioner Davis does not contend that the charges on which her removal was based are unsupported by substantial evidence. Ms. Davis argues that there was no proof of nexus between the charge of AWOL and the efficiency of the service as required for removal under Chapter 75. (5 U.S.C. § 7513(a)). Furthermore, she maintains that the penalty of removal was excessive because of her good performance.

II.

Petitioner argues that the agency failed to prove that her unexcused absence from her job had an adverse impact on her job performance, her reliability, or that of any other employees. In holding that there was a nexus between a charge of AWOL and the efficiency of the service, the presid-

ing official relied on decisions of the board to the effect that an unauthorized absence by its very nature disrupts the efficiency of the service. *See, e.g., Desiderio v. Department of the Navy,* 4 MSPB 171, 4 M.S.P.R. 84 (1980). This court agrees with the board. Ms. Davis' argument that an employee's AWOL has no effect on the efficiency of the service is frivolous. An essential element of employment is to be on the job when one is expected to be there. To permit employees to remain away from work without leave would seriously impede the function of an agency. *Rubin v. United States,* 150 Ct.Cl. 28, 38 (1960). An unexcused absence imposes burdens on other employees and, if tolerated, destroys the morale of those who meet their obligations. *Id.* Moreover, absence without leave is not excused by acceptable performance when an employee does choose to appear. Acceptable performance is a separate element of one's obligations to an employer. For these reasons, we hold that any sustained charge of AWOL is inherently connected to the efficiency of the service. The extent of the penalty for the offense is the only open question.

### III.

 The penalty assessed for employee misconduct is a matter of the exercise of the sound discretion of an agency in light of all relevant factors, mitigating and otherwise. *See Weston v. U.S. Department of Housing & Urban Development,* 724 F.2d 943, 949-50 (Fed.Cir.1983). In this case, the presiding official examined Ms. Davis' prior disciplinary record including a five-day suspension, a ten-day suspension, and a 30-day suspension for tardiness; a letter of reprimand dated January 21, 1983, for AWOL; and a 14-day suspension effective February 28, 1983, for AWOL and tardiness. The presiding official noted that Ms. Davis had an opportunity to dispute the prior disciplinary record and did not. Considering the serious AWOL charge here, together with Ms. Davis' prior disciplinary record and prior counseling by the agency to help her correct her deficiencies

in this aspect of her job, the penalty of removal was reasonable.

 Ms. Davis again asserts that removal is justified only if her performance while she was on the job was poor. This argument is no more persuasive in connection with the severity of the penalty than it was in connection with nexus. The determination of the appropriateness of the penalty for AWOL does not turn on a finding that the employee is also deficient in performance of assigned work.

### Conclusion

For the foregoing reasons, the decisions of the Merit System Protection Board sustaining petitioner Davis' removal is *affirmed.*

AFFIRMED.