833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steve R. THOMAS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3318.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1987.
 
 Before ARCHER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. CH07528610494, upholding the removal of petitioner from his position with the United States Postal Service (agency), is affirmed.
 
 OPINION
 
 2
 The Board upheld petitioner's removal on charges of absence without leave and failure to report for work on time. Petitioner does not dispute that he failed to report for duty on March 6, 7, 8 and 10, 1986, and that he arrived at work late on March 17, 1986. He says, however, that his failure to report as scheduled was justified because the police had a warrant for his arrest and he was concerned that he would be arrested at work.
 
 
 3
 Under agency regulations, petitioner's supervisors had discretion to approve or disapprove his request for emergency leave. See United States Postal Service Employee and Labor Relations Manual, Sec. 512.412 (1982). Petitioner's fear of arrest may have made reporting to work undesirable, but the agency could reasonably conclude that trying to avoid arrest while at work was not an emergency. Accordingly, the Board's determination that the agency properly charged petitioner with absence without leave on the days he failed to report for duty was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 4
 We also reject the contention that removal is too severe a penalty for the "minor infraction" of being absent without leave. Absence without leave is a serious offense which "by its very nature disrupts the efficiency of the service." Davis v. Veterans Admin., 792 F.2d 1111, 1113 (Fed.Cir.1986). As this court has said, " 'An essential element of employment is to be on the job when one is expected to be there,' and to 'permit employees to remain away from work without leave would seriously impede the function of an agency.' " Washington v. Department of Army, 813 F.2d 390, 394 (Fed.Cir.1987) (quoting Davis, 792 F.2d at 1113).
 
 
 5
 Furthermore, according to the Board, petitioner's absences in March of 1986 were not isolated incidents, but part of a "long history of being AWOL, tardy, and failing to maintain a regular work schedule." The Board therefore properly concluded that he had "little potential for rehabilitation" and his removal would promote the efficiency of the service.