873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carolyn E. LYLES, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-2008.
 United States Court of Appeals, Federal Circuit.
 April 11, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Carolyn E. Lyles (Lyles) appeals the final decision of the Merit Systems Protection Board (MSPB/board), Docket No. DA 07528810316, sustaining her removal by the Department of the Air Force (agency) for being absent without leave (AWOL). We affirm.
 
 OPINION
 
 2
 An agency can only take disciplinary action against an employee for such cause as will promote the efficiency of the service. 5 U.S.C. Sec. 7513(a) (1982). A charge of AWOL may be proven by the agency by showing the absence was not authorized. Davis v. Veterans Administration, 792 F.2d 1111 (Fed.Cir.1986). The MSPB found that the applicable regulations required an employee to call in personally to request leave at least 2 hours before the employee was scheduled to work. The board further found that Lyles had been informed, both verbally and in writing, of these regulations. The board also found these regulations applied equally to holidays.
 
 
 3
 Lyles admitted that she voluntarily requested to work on the federal holiday in question, that she did not call in personally that day to request leave, and that when her daughter did call for her it was not within the 2-hour requirement of advance notice. When employees are AWOL this disrupts the efficiency of the service and is an appropriate basis for removal. Id. Petitioner's testimony concerning the agency's leave practices was properly found to lack credibility in view of the evidence. Removal is not an excessive penalty in this case since the board found that, notwithstanding repeated notice, counseling and discipline, petitioner had a history of being AWOL which resulted in increasingly severe penalties, beginning with a suspension of 1 day up to 14 days. Consideration of an employee's work history is relevant to determining the reasonableness of the penalty. Id.; Washington v. Department of the Army, 813 F.2d 390, 394 (Fed.Cir.1987).
 
 
 4
 We do not find the board's findings to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).