983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edgar L. RAY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3389.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1992.
 
 Before NIES, Chief Judge, and RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edgar L. Ray seeks review of the decision of the Merit Systems Protection Board (board) affirming his removal from his position as a Distribution Clerk with the United States Postal Service (agency). Mr. Ray, who was absent from work from April 22 to July 26, 1991, failed to respond to requests to substantiate the need for his absence, request approved leave, or appear for a fitness for duty examination during this period. He also did not reply to a notice of proposed removal that charged him with being absent without leave (AWOL). After the agency effected his removal, Mr. Ray appealed to the board. After a hearing, the Administrative Judge (AJ) upheld Mr. Ray's removal, finding that the agency reasonably declared him AWOL and that the penalty of removal was not too severe. This initial decision became the final decision when the full board denied his petition for review under 5 C.F.R. § 1201.115 (1992). We affirm.
 
 DISCUSSION
 
 2
 We review board decisions under a very narrow standard. A decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation being followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 3
 With this appeal, Mr. Ray contends only that he did not request indefinite sick leave because the agency does not accept such a status. This argument does not, however, suggest why Mr. Ray's obligation to provide his supervisor with appropriate documentation should be excused. We agree with the AJ that the agency's identification of Mr. Ray as AWOL was reasonable. Because we have noted that a "sustained charge of AWOL is inherently connected to the efficiency of the service," Davis v. Veterans Administration, 792 F.2d 1111, 1113 (Fed.Cir.1986), the extent of the penalty becomes the remaining consideration. Given Mr. Ray's continual absence from work for over three months and disregard of the requests of his supervisors, removal cannot be considered an unreasonable penalty. In sum, we hold that the decision of the board is supported by substantial and competent evidence and is not arbitrary or capricious, nor an abuse of discretion. Accordingly, the decision of the board is affirmed.