**Tonya D. BIECHE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3227.

United States Court of Appeals, Federal Circuit.

DECIDED: March 5, 2004.

Tonya D. Bieche, of Counsel, Burlington, WA, for Petitioner.

Shana L. Douglas, Stephen D. Lobaugh, Principal Attorney, U.S. Postal Service, Kathryn A. Bleecker, David M. Cohen, Michael O'connell, Department of Justice, of Counsel, Washington, DC, for Respondent.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Tonya D. Bieche appeals from a decision of the Merit Systems Protection Board, Docket No. SE–0752–02–0178–I–1, affirming the decision of the United States Postal Service to remove her from her position. We *affirm*.

## BACKGROUND

Ms. Bieche was employed as a Maintenance Mechanic, PS–7, for the United States Postal Service in Seattle, Washington, from March 1998 until her removal in February 2002. Between December 2000 and the date of her removal, Ms. Bieche was absent from work during the following periods: December 29, 2000, to March 17, 2001; March 30, 2001, to May 2, 2001; May 4, 2001, to October 26, 2001; October 30, 2001, to December 12, 2001; and December 14, 2001, to the date of her removal in February 2002.

Ms. Bieche submitted several leave request forms for these periods of absence, citing reasons including "on the job injury," "OWCP [Office of Workers' Compensation Programs] issue," and "management refusal to provide safe—hostile-free work environment." The "on the job injury," for which Ms. Bieche also filed a workers compensation claim, apparently arose from a November 2000 altercation between Ms. Bieche and a supervisor. Ms. Bieche alleged that she suffered injury as a result of harassment by the supervisor. The OWCP eventually denied Ms. Bieche's claim, finding that she failed to provide

evidence that she was harassed or subjected to any abuse.

The Postal Service denied each of the leave requests for reasons including improperly filled-out leave request forms and failure to submit medical documentation in support of the leave requests. In several instances, Ms. Bieche's supervisors mailed letters to Ms. Bieche informing her of the errors in her leave request forms and the absence of medical documentation. The Postal Service gave Ms. Bieche an "Investigative Interview" on December 13, 2001, regarding her absences. When Ms. Bieche still had not returned to work, the Postal Service mailed Ms. Bieche a "Notice of Proposed Removal" on January 10, 2002, listing three charges: "Failure to follow absence reporting procedures," "Failure to follow instructions," and "AWOL [absence without leave]." Ms. Bieche did not answer the charges, and the Postal Service proceeded to remove her by mailing her a February 8, 2002, "Letter of Decision."

Ms. Bieche appealed her removal to the Merit Systems Protection Board on the grounds that the Postal Service failed to consider some of her medical evidence, that the Postal Service fabricated evidence, that she was not given due process, that she should have been given progressive discipline rather than immediately being removed, and that her supervisor failed to receive concurrence from a higher level official before removing her. She further alleged that the Postal Service had harassed her on the basis of race, gender, and union activities. The administrative judge reviewed each of the three charges against Ms. Bieche and found that the facts supported the first two charges, "Failure to follow absence reporting procedures" and "Failure to follow instructions." The administrative judge ruled that the third charge, "AWOL," merged with the first two charges because it was explicitly based on the first two charges. In addition, the administrative judge addressed Ms. Bieche's allegations of discrimination and harassment, considering them affirmative defenses, and concluded that Ms. Bieche had failed to introduce evidence in support of the defenses. The administrative judge further ruled that progressive discipline, such as a suspension, would have been inappropriate and that Ms. Bieche's supervisor had satisfied the requirement of concurrence from a higher level official. Ms. Bieche took this appeal from the administrative judge's decision.

## DISCUSSION

Ms. Bieche raises several challenges to the Board's decision. Ms. Bieche asserts that (1) she was denied due process in that the Postal Service failed to give her progressive discipline; (2) the Postal Service failed to provide a reasonable accommodation for her and failed to follow the recommendation of her medical team; and (3) the Postal Service failed to follow the rules, regulations, and policies concerning the rights of a union steward.

■ The administrative judge in this case found that the Postal Service proved each of the charges against Ms. Bieche by a preponderance of the evidence. The administrative judge further found that Ms. Bieche's failure to follow leave procedures and failure to follow instructions were "directly tied to her duties as an employee of the agency" and that "showing up for work is the single most directly related prerequisite to satisfactory performance." The record includes substantial evidence to support the Board's finding that Ms. Bieche failed to apply for leave properly, and that she did not comply with repeated requests to correct errors in her leave applications and to supplement those applications with additional medical informa-

tion. The administrative judge's decision that Ms. Bieche's removal under these circumstances promoted the efficiency of the Postal Service was supported by substantial evidence. *See, e.g., Davis v. Veterans Admin.,* 792 F.2d 1111, 1113 (Fed.Cir. 1986) (finding that the "argument that an employee's AWOL has no effect on the efficiency of the service is frivolous. An essential element of employment is to be on the job when one is expected to be there. To permit employees to remain away from work without leave would seriously impede the function of an agency.").

Ms. Bieche asserts that the Postal Service failed to follow the recommendations of her medical team. However, the record shows that the administrative judge reviewed the medical information Ms. Bieche submitted in great detail and concluded that the medical information she submitted was insufficient to meet the standard required to justify her absence from work for the periods of her absence. Ms. Bieche does not point to anything that suggests that the Board lacked substantial evidence for making that determination.

Ms. Bieche also argues that the Postal Service should have imposed progressive discipline rather than removing her. The Board concluded that in making that argument, Ms. Bieche was relying on Article 16, section 1 of the parties' collective bargaining agreement, which states that "[i]n the administration of this Article, a basic principle shall be that discipline should be corrective in nature, rather than punitive." On its face, the quoted passage does not require progressive discipline. Moreover, "in reviewing [a disciplinary decision], we may act to set aside a sanction only if it is found to be so harsh or disproportionate so as to constitute an abuse of discretion." *Graybill v. U.S. Postal Serv.,* 782 F.2d 1567, 1574 (Fed.Cir.1986).

█ The Board found that progressive discipline would not have been effective, noting that "a penalty such as suspension, which would only have served to keep [Ms. Bieche] away from her job, would have been inappropriate." Moreover, the Board concluded that other factors, such as the adverse effect on the Postal Service's scheduling, as well as Ms. Bieche's expressed unwillingness to return to her duty station, supported removal. We find that the record included substantial evidence to support the Board's decision upholding removal instead of requiring other, less serious sanctions.

With regard to Ms. Bieche's allegation that the Postal Service failed to follow its rules concerning the rights of a union steward, we assume that Ms. Bieche is rephrasing her allegation made before the Board that the Postal Service harassed her based on union activity. The Board concluded that Ms. Bieche failed to introduce evidence in support of that allegation. Ms. Bieche fails to state any reason why that conclusion was erroneous.

Without elaboration, Ms. Bieche also asks for compensatory damages and the removal of a debt. Because the record includes substantial evidence supporting the Board's conclusion that the Postal Service did not improperly remove her, there is no basis to award Ms. Bieche compensation or removal of the debt.