NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3333

WINFIELD ODOM,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: December 14, 2004
_____

Before LOURIE, SCHALL, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Winfield Odom ("Odom") petitions for review of the final order of the Merit Systems Protection Board ("Board"), No. NY0752020335-I-1, affirming the United States Postal Service's decision to remove Odom from service. The Postal Service proposed Odom's removal on charges that he was continuously absent without permission beginning on March 19, 2002 and that he failed to comply with rules and regulations governing absences. It issued its decision to remove Odom on July 15, 2002. Odom appealed, and after conducting a hearing on the matter, the administrative judge affirmed the Postal Service's action. Odom petitioned for review, and the Board denied his petition. We <u>affirm</u>.

I

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1). The Board issued its final order in this case on April 13, 2004, and Odom timely appealed.

II

In reviewing the Board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2000). Odom asks us to hold that the Board erred by, inter alia, considering his long record of unblemished service as a Postal Service employee to be an aggravating, rather than a mitigating, factor; classifying him as absent without leave ("AWOL") when, in fact, he was not AWOL in the traditional sense because his supervisors knew they could find him performing his duties as a union officer; upholding a punishment that was disproportionately severe in relation to his misconduct; upholding punishment for his failure to follow the proper notice procedures when the Postal Service could only have been harmed by his absence itself, not his failure to notify it of that absence; and premising its ruling on a "visceral reaction" to what the administrative judge "perceived to be the perjurious testimony adduced by the Appellant" rather than on the merits of the case. We address each of these arguments in turn.

First, the Board manifestly did not consider Odom's employment history to be an aggravating factor. The administrative judge held that his removal was justified "despite [his] unblemished work record spanning 17 years[.]" (Emphasis added).

04-3333                                  2

Second, Odom was properly classified as AWOL on the dates cited by the administrative judge. "To prove an AWOL charge, an agency must show that the employee was absent, and either that his absence was not authorized or that his request for leave was properly denied." See Boscoe v. Dep't of Agriculture, 54 M.S.P.R. 315, 325 (1992). Classifying Odom as AWOL did not require the Board to find that he could not be located by his supervisors.

Third, substantial evidence supports the administrative judge's finding that Odom's punishment was not disproportionate. He ignored warnings that he should return to work, including one that indicated that the Postal Service was preparing a proposal to remove him. He also failed to fulfill his promise to return to work to forestall this removal action. Odom's own behavior suggests that lesser discipline would have had no effect. On the basis of these and other facts, the Board was justified in finding removal reasonable.

Fourth, the administrative judge also reasonably found that Odom's failure to properly request leave supported the removal action. There is a nexus between a worker's absence without leave and the efficiency of the service. Davis v. Veterans Admin., 792 F.2d 1111, 1113 (Fed. Cir. 1988). The failure to obtain leave to be absent is part of absence without leave. Moreover, evidence in this case indicates that Odom's unexcused absences imposed burdens on other employees, partly because of the scheduling difficulties that stemmed from his failure to notify supervisors of upcoming absences in the proper manner. Accordingly, it was not inappropriate to penalize Odom for his refusal to follow proper procedures for requesting leave.

Finally, nothing in the administrative judge's opinion suggests that he departed from a conventional analysis of the credibility of witnesses and ruled based on a "visceral reaction." We decline to overturn either the administrative judge's credibility determinations or the rulings that flowed from them.

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board.