NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SARAH L. JONES,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3140

---

Petition for review of the Merit Systems Protection Board in PH0752100038-I-1.

---

Decided: November 9, 2010

---

SARAH L. JONES, Jefferson, Maine, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before BRYSON, PLAGER, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

## DECISION

Sarah L. Jones appeals the decision of the Merit Systems Protection Board upholding her removal from a position with the Department of Veterans Affairs ("DVA"). We affirm.

## BACKGROUND

Ms. Jones was employed as a Nursing Assistant at the Togus VA Medical Center in Augusta, Maine. In September 2008, the DVA warned Ms. Jones about her poor leave record and reminded her that absences based on illness must be supported by documentation. In the first half of 2009, Ms. Jones received a letter of admonishment and later a letter of reprimand based on a series of unexcused or unauthorized absences. On August 5, 2009, the DVA issued a notice of proposed removal to Ms. Jones, charging her with being absent without leave ("AWOL") for 168 hours between July 2, 2009, and August 4, 2009. Ms. Jones did not respond to the notice, and the DVA issued a removal decision on August 26, 2009, effective September 23, 2009.

Ms. Jones filed a timely appeal with the Merit Systems Protection Board but did not make a timely request for a hearing. After considering the evidence submitted by both parties, the administrative judge upheld the charge and ruled that it was reasonable for the DVA to remove Ms. Jones. The administrative judge noted that Ms. Jones had requested and been granted sick leave and

leave without pay on prior occasions, but that she was not granted leave without pay for the time period relevant to the AWOL charge. The administrative judge acknowledged that the decision whether to grant leave without pay is within the discretion of the agency, but that when medical excuses are involved, the denial of leave without pay must be reasonable, depending on the facts of each case. In that regard, the administrative judge explained, an agency acts reasonably in denying leave without pay if the employee's absence "has no foreseeable end, has been continual, and the absence is a burden to the agency."

The evidence in this case, according to the administrative judge, showed that Ms. Jones's absences were excessive and had no foreseeable end. In particular, the evidence provided no indication of "when she believed she would be able to return to work on a regular basis." The administrative judge also noted that the evidence did not show that Ms. Jones's physician found her unable to work during the relevant time period, and that the medical evidence as a whole did not "support[ ] a finding that the agency acted unreasonably in denying any requests for leave and placing her on AWOL." Finally, the administrative judge found that Ms. Jones's absences "caused others to have to perform her duties." Noting the Board's well-established rule that unauthorized absence, by its very nature, disrupts agency operations, the administrative judge held that there was a "clear nexus" between the multiple instances of AWOL and the efficiency of the service.

The administrative judge also addressed Ms. Jones's argument that the DVA removed her in retaliation for alleged whistleblowing activities. The principal acts asserted to constitute whistleblowing were three disclosures that Ms. Jones made in 2007 regarding allegedly

improper behavior of staff and a patient in the Togus facility. With respect to those disclosures, the administrative judge stated that "[e]ven if I were to assume for purposes of this decision . . . that these disclosures were a contributing factor in the decision to remove the appellant, I would find that the agency has shown by clear and convincing evidence that it would have taken the removal action against the appellant absent any such disclosures." The administrative judge reached that conclusion based on the volume of unexcused or unauthorized absences, the lack of medical documentation for those absences, Ms. Jones's past history of attendance problems, and the absence of any reason to believe Ms. Jones's behavior would change in the future. The administrative judge found that other alleged disclosures by Ms. Jones— complaints to supervisors about her work schedule, letters written to outside groups about the DVA's poor treatment of her, and a general category of reported problems in the facility not supported by documentation— were not disclosures of a type that were protected by the Whistleblower Protection Act. *See* 5 U.S.C. § 2302(b)(8).

Finally, the administrative judge determined that the DVA had adequately addressed each of the relevant *Douglas* factors in assessing the penalty, *see Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981), and concluded that the penalty of removal was appropriate. The full Board denied Ms. Jones's petition for review. Ms. Jones now petitions for review by this court.

## DISCUSSION

On appeal, Ms. Jones raises three objections to the Board's decision. First, Ms. Jones contends that the Board did not take into account a cassette tape of a voicemail message left by a DVA employee during July

2009 telling Ms. Jones to submit medical certification forms, presumably in connection with one of her absences. The administrative judge considered the contents of the tape but found that the tape "does not change the outcome of this case," as it simply suggests that the DVA was aware that Ms. Jones may have been eligible for medical leave at some point in time. We find no error in the administrative judge's apparent conclusion that the cassette tape had little relevance to the charges against Ms. Jones.

Second, Ms. Jones argues that she was on authorized medical leave during the time for which she was charged with AWOL. The administrative judge examined the DVA's attendance records and Ms. Jones's medical evidence and determined that Ms. Jones was AWOL during the dates at issue in this appeal. In particular, the administrative judge noted that Ms. Jones presented no evidence indicating that she had been granted leave for the relevant time periods. Nor did the administrative judge find that there was any other reason, based on Ms. Jones's medical condition, that her absences could be justified. The administrative judge's analysis of Ms. Jones's arguments based on her medical condition is also supported by the evidence.

Third, Ms. Jones appears to allege that her experience in witnessing and reporting patient mistreatment by fellow employees contributed to her medical problems. The problem with that argument is that the administrative judge found that Ms. Jones's medical evidence did not support a finding that the agency denied her requests for leave during the period that she was charged with unauthorized absence. Even if Ms. Jones was suffering from a medical condition that made it difficult or impossible for her to be present during her prescribed working hours,

her remedy was to obtain leave for those periods, not to be absent without leave.[1]

The DVA established by a preponderance of the evidence that Ms. Jones was AWOL for the dates charged. As to whether the removal action promoted the efficiency of the service, a finding required under 5 U.S.C. § 7513(a), unauthorized absences plainly prejudice the efficient functioning of an agency, particularly when the absences are repeated over an extended period of time. *Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed. Cir. 1986). In fact, we have held that "the nexus between the charged offense and the efficiency of the service is automatic when the charged offense is AWOL." *Bryant v. Nat'l Sci. Found.*, 105 F.3d 1414, 1417 (Fed. Cir. 1997).

As to the appropriateness of the penalty, the choice of penalty "is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1382 (Fed. Cir. 2003). Ms. Jones's removal was not "wholly unwarranted" in light of her record of chronic unauthorized absences and her prior disciplinary record. *See Davis*, 792 F.2d at 1113.

Because the Board's decision was based on substantial evidence and was not legally erroneous, we sustain

---

[1] Ms. Jones also requests back pay for allegedly authorized medical leave taken prior to her removal. Leaving aside the absence of evidence that Ms. Jones had any unused sick leave for which she was not paid, the Board lacks jurisdiction to award back pay for employment prior to the date of an appealable adverse action. *Hall v. United States*, 617 F.3d 1313, 1317 (Fed. Cir. 2010).

the decision of the Board upholding Ms. Jones's removal. *See* 5 U.S.C. § 7703(c).

No costs.

**AFFIRMED**