**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LISA M. DAVENPORT,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
PH-0752-14-0104-I-2

DATE: February 19, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ralph B. Pinskey, Esquire, Harrisburg, Pennsylvania, for the appellant.

Barbara M. Dale, Esquire, Newport, Rhode Island, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal for physical inability to perform and denied her affirmative defense of failure to accommodate. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Background

¶2     The appellant served as a supervisory security specialist with the agency's Naval Support Activity in Mechanicsburg, Pennsylvania. MSPB Docket No. PH-0752-14-0104-I-1 (I-1), Initial Appeal File (IAF), Tab 6 at 14. The agency removed the appellant from her position based on her inability to perform the duties of her position as a result of a medical condition. *Id*. at 16-18. The appellant filed a timely mixed-case appeal challenging her removal and alleging that the agency failed to accommodate her disability when it denied her request to telework on an as-needed basis. I-1, IAF, Tab 1. Following a hearing, the administrative judge sustained the appellant's removal and denied the appellant's affirmative defense on the basis that the appellant was not a qualified individual with a disability. MSPB Docket No. PH-0752-14-0104-I-2 (I-2), IAF, Tab 17, Initial Decision (ID).

¶3    The appellant has filed a petition for review arguing, among other things, that the administrative judge erred in concluding that she is not a qualified individual with a disability based on the Special Panel's decision in *Alvara v. Department of Homeland Security*, 121 M.S.P.R. 613 (Spec. Pan. 2014).  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply.  PFR File, Tabs 3-4.  For the reasons that follow, the appellant's petition for review is DENIED and the initial decision is AFFIRMED.

The administrative judge properly sustained the agency's charge of inability to perform.

¶4    Where, as here, the appellant does not occupy a position with medical standards or physical requirements or that is subject to medical evaluation programs,[2] in order to establish a charge of physical inability to perform, the agency must prove a nexus between the employee's medical condition and observed deficiencies in her performance or conduct, or a high probability, given the nature of the work involved, that her condition may result in injury to herself or others.  *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 25 (2014).  In such cases, the Board has found that the agency must establish that the appellant's medical condition prevents her from being able to safely and efficiently perform the core duties of her position.[3]  *Id*.  In determining if the

---

[2] There is no dispute that the appellant's position is not subject to medical standards.  *See* PFR File, Tab 1 at 4; I-2, IAF, Tab 12.  The administrative judge applied the correct standard in assessing the agency's charge of inability to perform based on the nature of the appellant's position.  ID at 3.

[3] Applying civil service laws, rules, and regulations, the U.S. Court of Appeals for the Federal Circuit and the Board have long-standing precedent governing the adjudication of an adverse action based on a charge of physical or medical inability to perform. 5 U.S.C. § 7702; 5 C.F.R. § 339.203; *see, e.g.*, *Bryant v. National Science Foundation*, 105 F.3d 1414, 1417 (Fed. Cir. 1997) (holding that nexus to the efficiency of the service—a required element to be proven in any adverse action appeal—is automatically established in cases of absence without leave); *Davis v. Veterans Administration*, 792 F.2d 1111, 1113 (Fed. Cir. 1986) (explaining that "[a]n essential element of

agency has met its burden, the Board will consider whether a reasonable accommodation exists that would enable the appellant to safely and efficiently perform these core duties. *Id*. However, for the limited purpose of proving its charge, the agency is not required to show that it was unable to reasonably accommodate the appellant by assigning her to a vacant position for which she was qualified; whether it could do so goes to the affirmative defense of disability discrimination, if asserted, and/or the reasonableness of the penalty. *Id*.

¶5        The core duties of a position are synonymous with its essential functions, i.e., the fundamental job duties of a position, not including marginal functions. *Id*., ¶ 26. The administrative judge found, and neither party disputes on review, that the essential functions of the appellant's supervisory security specialist position included, inter alia, conducting a comprehensive review and analysis of physical security, providing policy and written technical guidance, developing and maintaining current physical security plans, representing the agency at meetings and collaborating with law enforcement, and conducting staff visits to ensure security protocol compliance. I-2, IAF, Tab 12 at 2-3; ID at 4-7. In this role, moreover, the appellant supervised and directed a naval security force of approximately 40 individuals, including the assignment and evaluation of work, coordinating disciplinary actions, responding to employee complaints and grievances, and interviewing candidates for security positions. I-2, IAF, Tab 12 at 4.

¶6        In its letter of decision imposing the appellant's removal, the agency explained that the appellant had been out of work for an extended period of time and had exhausted all of her leave. I-1, IAF, Tab 6 at 16. Additionally, the

employment is to be on the job when one is expected to be there); *Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶¶ 3-11 (2008); *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 51 (1992); *Ajanaku v. Department of Defense*, 44 M.S.P.R. 350, 355 (1990) (an essential element of employment is to be on the job when one is expected to be there); *Schoening v. Department of Transportation*, 34 M.S.P.R. 556, 561 (1987); *Owens v. Department of the Air Force*, 8 M.S.P.R. 580, 583 (1981).

agency explained that the appellant's absence from employment had a negative impact on the agency; that, although it considered her request to telework, it was unable to grant her request because her position required frequent in-person interaction and meetings both with agency employees and with outside individuals; and that she was also required to maintain access to the Department of Defense's Secret Internet Protocol Router Network, which could not be accessed remotely from her home. *Id*. at 17. Lastly, the agency noted that the appellant had been absent from work for over 6 months and that she was unable to give any indication when she would be able to return to duty. *Id*. Citing these factors, the agency determined that it could not reassign her to another position and that it had no choice but to remove her from her position for inability to perform. *Id*.

¶7        We agree with the administrative judge that the agency clearly had a valid basis for removing the appellant under these facts. ID at 11-12. We agree that the appellant was unable to perform the core duties of her position and that her continued absence from work not only negatively impacted her performance, but also had an adverse effect on the agency. *See Fox*, [120 M.S.P.R. 529](), ¶¶ 26, 30; I-1, IAF, Tab 6 at 16-18. We thus concur with the administrative judge that the agency proved the elements of its charge, and we find it uncontroverted that there exists a nexus between the appellant's medical condition and her absence from employment. *See Fox*, [120 M.S.P.R. 529](), ¶ 30; *see also* I-1, IAF, Tab 6 at 28-45 (medical documentation finding that the appellant is medically incapacitated and unable to work). Similarly, based on the nature of the appellant's medical conditions and diagnosis, we agree with the administrative judge that reassignment was neither reasonable nor feasible. *See Fox*, [120 M.S.P.R. 529](), ¶ 40 (the Board will consider whether reassignment to another position is feasible when assessing the reasonableness of the penalty based on a charge of inability to perform). The administrative judge's initial decision sustaining the charge of inability to perform based on a medical condition is therefore AFFIRMED.

<u>The administrative judge properly denied the appellant's affirmative defense.</u>

¶8    On review, the appellant also challenges the administrative judge's denial of her failure to accommodate affirmative defense, arguing that under *Alvara*, he should have assessed whether her reasonable accommodation request to telework on an as-needed basis (situational) imposed an undue hardship on the agency. PFR File, Tab 1 at 6-8.  In making this argument, the appellant assigns error to the administrative judge's finding that she was not a qualified individual with a disability.  *Id.* at 6.  For the reasons that follow, we disagree with the appellant's arguments on review and find that her reliance on *Alvara* is unconvincing.[4]

¶9    An agency is required to make a reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that the accommodation would cause an undue hardship on its business operations.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a).  Reasonable accommodations include modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential functions of the position.  *Miller*, 121 M.S.P.R. 189, ¶ 13. In order to establish a disability-based failure to accommodate, an employee must show that: (1) she is an individual with a disability; (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation.  *Miller*, 121 M.S.P.R. 189, ¶ 13.

¶10    Although the administrative judge found it undisputed that the appellant is disabled, he concluded that the appellant failed to establish that she is a qualified individual with a disability because she is unable to perform the essential functions of her position either with or without a reasonable accommodation.  ID

---

[4] Previous Special Panel decisions are not controlling in our present deliberations.  *See Boots v. U.S. Postal Service*, 100 M.S.P.R. 513, 518 (Spec. Pan. 2005) (viewing *Ignacio v. U.S. Postal Service*, 30 M.S.P.R. 471 (Spec. Pan. 1986) only as "guiding precedent").

at 10-11.  On review, relying on *Alvara*,[5] the appellant alleges that she is a qualified individual with a disability because she "was capable of performing the essential functions of her position when she was medically able to work at her usual worksite."  PFR File, Tab 1 at 7.  We agree with the administrative judge that the record does not support the appellant's assertion about the extent of her capabilities.  *See* ID at 11.

¶11    Implicit in a claim of denial of reasonable accommodation is that the denied accommodation would have been effective and would have allowed the appellant to perform the essential functions of her position.  *See Miller*, 121 M.S.P.R. 189, ¶ 21; *see also White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013) (citing EEOC caselaw for the proposition that an employee cannot establish a denial of reasonable accommodation when the denied accommodation would not have been effective).    The appellant's medical documentation submitted below, however, unequivocally demonstrates that the appellant was deemed completely medically incapacitated and unable "to perform work of any kind" as of February 2013, and that her treating physician reaffirmed this diagnosis on multiple occasions leading up to the appellant's removal from federal service.  I-1, IAF, Tab 6 at 33 (treating physician's medical certification finding the appellant incapacitated effective February 2013); *see id*. at 29-43 (medical certifications finding the appellant unable to report to work between January and July 2013 due to medical incapacitation).  Based on her treating physician's conclusion that she was completely incapacitated, the appellant's request to telework on an as-needed basis could not have been an effective accommodation which would have allowed her to perform the essential functions

---

[5]  In *Alvara*, the Special Panel affirmed the Equal Employment Opportunity Commission's (EEOC) conclusion that attendance and timing are methods by which an employee performs the essential functions of her position, and are not themselves essential functions.  *See Alvara*, 121 M.S.P.R. 613, ¶ 37; *see also Petitioner v. Department of Homeland Security*, EEOC Petition No. 0320110053, 2014 WL 3571431 at *4 (E.E.O.C.  July 10, 2014).

of her position.[6]  We accordingly find no reason to differ with the administrative judge's conclusion that the appellant is not a qualified individual with a disability, and we AFFIRM his denial of the appellant's failure-to-accommodate affirmative defense.[7]

¶12

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[6] Although the appellant argues on petition for review that she could have performed many of her job functions while teleworking, and that she could have arranged to perform certain functions when she was in the office, there is no evidence in the record that she was ever cleared to return to work on an intermittent basis.  *See* PFR File, Tab 1 at 12; I-1, IAF, Tab 6 at 29 (medical certification finding the appellant incapacitated as of July 2013).  The Board has found that, if during the pendency of the Board appeal, an appellant presents new medical evidence showing that she recovered such that she can perform the essential duties of her position, the removal action will be reversed.  *See Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 9 (2015).  The Board has held, however, that in order to invoke this principle, the appellant must present evidence which clearly and unambiguously demonstrates that she has recovered during the pendency of a Board appeal.  *Id*.  The appellant's assertions on review, without any supporting medical evidence, do not meet this standard, and we have found no evidence in the record that could support such a finding of recovery.

[7] We further agree with the administrative judge that the appellant's request for situational telework would have been incompatible with her need to access a secured network, which could only be accessed at her worksite.  *See* ID at 9; *accord Fox*, 120 M.S.P.R. 529, ¶ 29 (finding the appellant's request to telework incompatible with the essential functions of her position requiring travel and face-to-face interaction); *Complainant v. Department of Transportation*, EEOC Appeal No. 0120123366, 2014 WL 1654086 at *4 (E.E.O.C. April 18, 2014) (finding telework would not have allowed the employee to perform the essential functions of her position).

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.