NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES C. FREEMAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2019-1940

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-19-0119-I-1.

---

Decided: October 4, 2019

---

JAMES C. FREEMAN, Midland, GA, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before LOURIE, CLEVENGER, and DYK, *Circuit Judges.*

PER CURIAM

James C. Freeman petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the Army's decision to remove Freeman from his position as cook because of his frequent absences from work without leave. *See Freeman v. Dep't of the Army*, No. AT-0752-19-0119-I-1 (M.S.P.B. Mar. 13, 2019); S.A. 1–15. We *affirm*.

BACKGROUND

Freeman was employed from 2011 to 2018 as a cook with the Army. Before that, he served on active duty in the Army. Freeman was diagnosed with service-connected post-traumatic stress disorder ("PTSD") in 2013.

In January 2018, the Army proposed to remove Freeman because of his frequent absences from work without leave ("AWOL"). Freeman made an oral reply, but the Army sustained his removal in June 2018, and Freeman then appealed to the Board.

The administrative judge ("AJ") found that Freeman was absent from work without approval for 682.75 hours over a period from January 2017 to January 2018. S.A. 4, 8–9. Freeman argued that his supervisors approved his absences after the fact, but the AJ did not credit this argument because Freeman did not call any witnesses to support that contention, he had been previously reprimanded and received a suspension for AWOL, and his explanation was implausible given the sheer number of absences. Freeman additionally argued that his service-connected PTSD entitled him to leave without pay ("LWOP"), but the AJ determined that Freeman still had the responsibility to request approval for his absences. The AJ also found that Freeman's absences caused hardships in his work section and that Freeman had previously been disciplined for his absences. Under these circumstances, the AJ found that

the Army's refusal to grant LWOP was reasonable. S.A. 9, 15.[1]

The AJ's decision became the final decision of the Board on April 17, 2019. Freeman timely petitioned for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The court will normally defer to the administrative judgment unless the penalty exceeds the range of permissible punishments specified by statute or regulation, or unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (quoting *Power v. United States*, 531 F.2d 505, 507 (Ct. Cl. 1976)).

In his informal brief, Freeman first asserts that he should not have been charged with AWOL at all because his supervisor approved LWOP. The government responds that the Board's finding to the contrary was well supported

---

[1] In April 2018, Freeman submitted an equal employment opportunity complaint alleging discrimination based on his status as a disabled veteran. Freeman also alleged discrimination before the AJ. The Army concluded that Freeman was not a victim of discrimination, and the AJ held likewise. Freeman indicated that he has abandoned or will not raise his discrimination claim here, and his informal brief does not mention discrimination.

and that Freeman's bare assertion provides no reason to overturn it.

We agree with the government. "Before removing an employee, the government must prove by preponderant evidence that: (1) the charged misconduct occurred, (2) there is a nexus between what the employee did and disciplining the employee to promote the efficiency of the service, and (3) the particular penalty is reasonable." *Hansen v. Dep't of Homeland Sec.*, 911 F.3d 1362, 1366 (Fed. Cir. 2018). However, for a sustained charge of AWOL no separate evidence of nexus is required because "any sustained charge of AWOL is inherently connected to the efficiency of the service." *Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed. Cir. 1986).

There is no dispute that the Board applied the correct law; Freeman just asserts that the Board overlooked some unspecified facts. The Board considered Freeman's contention that his supervisors approved LWOP and reasonably credited evidence to the contrary. For example, Freeman's supervisor testified that he counseled Freeman about the need to call in when he could not report for work, and that medical documentation was needed to justify his absences. S.A. 4. Further, the Board observed that Freeman did not call any witness to support his claim that his leave was approved, that it was inherently implausible to be given approval for such a large quantity of leave, and that Freeman had previously been disciplined for AWOL. Freeman points to no error in the Board's finding, nor is one evident on the face of its decision. We therefore conclude that substantial evidence supports the Board's finding that Freeman's supervisors did not authorize his 682.75 hours of absences over one year.

Freeman separately argues that a service-connected disabled employee may, without more, request LWOP after returning to work when the employee was "out seeking medical treatment." Pet'r's Informal Br. 1. Before the

Board, Freeman relied on Maneuver Center of Excellence Regulation 690-630 § 3-14(c)(1), which provides that "by law supervisors should grant LWOP to . . . [d]isabled veterans seeking medical treatment for a service-connected disability." But Freeman directs us to no evidence that he requested leave to seek medical treatment, nor does Freeman even allege that he received such treatment during any of his unexcused absences. The Board thus did not err in denying Freeman *carte blanche* authority to re-characterize such absences as LWOP rather than AWOL.

Ultimately, the Board credited evidence that Freeman was absent from his job with the Army for an extensive period without authorization, that the absences caused hardships in his work section, and that Freeman had previously been disciplined for similar practices in earlier periods. In light of these circumstances, the Board found that removal was warranted. We agree. We thus conclude that the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

CONCLUSION

For the foregoing reasons, we *affirm* the Board's decision.

**AFFIRMED**

COSTS

No costs.